**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**THE WHITE HOUSE GIFT SHOP, INC.**
**6841 N. ROCHESTER RD. SUITE 200**
**ROCHESTER HILLS, MI 48306**

**AND**

**GIANNINI STRATEGIC**
**ENTERPRISES, LLC**
**6841 N. ROCHESTER RD. SUITE 200**
**ROCHESTER HILLS, MI 48306**                 **Case No. 1:22-CV-3585**

              **Plaintiffs,**                  **COMPLAINT**

       **v.**                                   **JURY TRIAL DEMANDED**

**KENNETH TABOH**
**370 MULBERRY DRIVE**
**SUITE F**
**SAN MARCOS, CA 92069-1950**

              **Defendant.**

<u>**SUMMARY OF THE CASE**</u>

1.   For over a decade, Plaintiffs The White House Gift Shop, Inc. ("WHGS") and Giannini

     Strategic Enterprises, LLC ("GSE" collectively "Plaintiffs") have operated an ecommerce

     website at <u>whitehousegiftshop.com</u> under the registered WHITE HOUSE GIFT SHOP and

     WHITE HOUSE GIFT SHOP, EST. 1946 trademarks and their common law mark.

2.   At least as early as December 2021, Defendant launched an infringing ecommerce website

     at <u>thewhitehousestore.com.</u>

3.   The purpose of Defendant's website <u>thewhitehousestore.com</u> is to confuse and deceive

     consumers into believing that they are dealing with Plaintiffs.

4. Defendant's intent in establishing and operating thewhitehousestore.com is to profit from Plaintiffs' reputation and goodwill which Plaintiffs have established over the years.

5. This is an action for a preliminary and permanent injunction and for further relief based on trademark infringement under 35 U.S.C. § 1114, false advertising and unfair competition under Section 43(a) of the Lanham Act, and for violations of the District of Columbia's § 28-3904 Unfair or deceptive trade practices statute.

## **INTRODUCTION**

6. Since no later than February 01, 2010, Plaintiffs, and their predecessors-in-interest, have operated a successful ecommerce marketplace selling souvenir items such as novelty items, toys, clothing items, mugs, pens, bobbleheads, jewelry and coins.

7. As shown in Exhibit 1, Plaintiffs' website prominently displays a common law trademark of a horizontal oval with a front view of the White House inside the oval with the words "The White House Gift Shop" centered below the White House and inside the horizontal oval.

8. As shown by Exhibit 1, Plaintiffs' website shows the common law trademark positioned at the top of the page and on the left side of a horizontal rectangular border above a picture of the White House with products displayed below the picture of the White House.

9. Plaintiffs' online retail store at whitehousegiftshop.com sells goods to customers throughout the United States, Canada, Mexico, and the rest of the world.

10. Since at least as early as December 2021, Defendant has willfully impersonated and infringed Plaintiffs' trademarks with the intent to deceive the consuming public and to profit from Plaintiffs' reputation and goodwill.

11. Among other things, and as shown in Exhibit 2, Defendant's website prominently displays a counterfeit common law mark of a horizontal oval with a front view of the White House inside the oval and the words "THE WHITE HOUSE STORE" centered below the White House and inside the horizontal oval.

12. As shown by Exhibit 2, Defendant's website shows the counterfeit common law trademark at the top of the page and on the left side of a horizontal rectangular border above a picture of the White House with products displayed below the picture of the White House.

13. Since at least as early as December 2021, Defendant has willfully impersonated and infringed Plaintiffs' common law trademark and website with the intent to deceive the consuming public and to profit from Plaintiffs' reputation and goodwill.

14. Since at least as early as December 2021, Defendant has willfully infringed Plaintiffs' Trademark Registration No. 4,887,788 for WHITE HOUSE GIFT SHOP with the intent to deceive the consuming public and to profit from Plaintiffs' reputation and goodwill.

15. Since at least as early as December 2021, Defendant has willfully impersonated Plaintiffs' whitehousegiftshop.com website with its thewhitehousestore.com website with the intent to deceive the consuming public and to profit from Plaintiffs' reputation and goodwill.

16. Since at least as early as December 2021, Defendant has used the website thewhitehousestore.com to deceive the consuming public into believing that Defendant is affiliated with the White House.

17. Since at least as early as December 2021, Defendant has prominently displayed on his website a phone number with an area code of 202 to deceive the consuming public into believing that Defendant operates the website thewhitehousestore.com from within the District of Columbia.

3

18. Defendant operates the website thewhitehousestore.com from California.

19. Since at least as early as December 2021, Defendant launched his counterfeit ecommerce website at thewhitehousestore.com to divert traffic from Plaintiffs' authentic ecommerce website (whitehousegiftshop.com) and to profit from Plaintiffs' intellectual property and goodwill.

20. By this action, Plaintiffs seek both a preliminary and a permanent injunction against Defendant's violations of law, damages, and other appropriate relief.

<u>**PARTIES**</u>

21. Plaintiff WHGS is a corporation organized and existing under the laws of Michigan, with an address of 6841 N. Rochester Road, Suite 200, Rochester Hills, MI 48306.

22. Plaintiff GSE is a limited liability company organized and existing under the laws of Michigan, with an address of 6841 N. Rochester Road, Suite 200, Rochester Hills, MI 48306.

23. Defendant Kenneth Taboh ("Taboh") is a natural person.

24. On information and belief, Defendant Taboh is a resident of California, with an address of 370 Mulberry Dr. Suite F, San Marcos, CA 92069-1950.

25. On information and belief, Defendant Taboh owns, controls, and operates thewhitehousestore.com and has actual knowledge of the unlawful acts giving rise to these claims, directed the acts giving rise to these claims, and was the moving force behind the acts giving rise to these claims.

26. Defendant Taboh conducts substantial ecommerce business with the District of Columbia, including by and through the ecommerce website thewhitehousestore.com.

27. Defendant markets, distributes, and sells novelties, toys, apparel, products for pets, jewelry and coins through his ecommerce website that are directed persons with the District of Columbia.

28. Defendant contracted to ship and to supply goods, including goods described in this Complaint, to persons within the District of Columbia.

29. Defendant shipped and caused to be shipped goods, including the goods described in the Complaint, to persons within the District of Columbia.

30. On information and belief, other persons, or entities whose identities are not yet known to Plaintiffs engaged in or contributed to the unlawful conduct alleged in this Complaint. Plaintiffs will seek leave of Court to assert claims against such persons or entities when they become known.

## JURISDICTION AND VENUE

31. This Court has subject matter jurisdiction over Plaintiffs' claims under 15 U.S.C. § 1121, and 1125 and 28 U.S.C. §§ 1331 and 1338(a) because Plaintiffs' claims arise under the federal Lanham Act, 15 U.S.C. 1051 *et seq.*

32. This Court has pendent jurisdiction over Plaintiffs' District of Columbia claims under 28 U.S.C. § 1338(b) because they are "joined with a substantial and related claim under the . . . trademark laws" of the United States.

33. This Court has supplemental jurisdiction over Plaintiffs' District of Columbia claims under 28 U.S.C. § 1367(a) because they are related to claims within the original jurisdiction of this Court.

34. Venue is proper under 28 U.S.C. § 1391(b).

35. This Court has personal jurisdiction over Defendant under the District of Columbia's long arm statute § 13-423(a)(1) because Defendant transacted business in the District of Columbia, including by marketing and offering for sale infringing goods to persons in the District of Columbia, by contracting to sell infringing goods to persons in the District of Columbia, by operating an interactive website for use by and directed at consumers and other persons in the District of Columbia, by shipping infringing goods to persons in the District of Columbia, and by making visitors to his website believe that his business was operating from within the District of Columbia.

36. This Court also has personal jurisdiction over Defendant under the District of Columbia's long arm statute § 13-423(a)(4): "A District of Columbia court may exercise personal jurisdiction over a person . . . [who] caus[es] tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia".

## **<u>BACKGROUND</u>**

37. Plaintiffs are the owners of a common law mark, as shown in Exhibit 1, consisting of a horizontal oval, with a picture of the front of the White House with the words The White House Gift Ship centered under the White House and inside the horizontal oval.

38. Plaintiff WHGS is the owner of U.S. Trademark Registration No. 4,887,788 for WHITE HOUSE GIFT SHOP (Exhibits 3, 4 and 5).

39. U.S. Trademark Registration No. 4,887,788 is a valid and legally protectable mark.

40. The registered services for U.S. Trademark Registration No. 4,887,788 are in International Class 035, and are for "[v]ending in the field of White House, Presidential, Diplomatic, Air

Force One, and Washington D.C. souvenirs and gifts including collectables, memorabilia, toys, models, clothing, accessories, ornaments, and custom items made exclusively for former presidents of the United States, diplomats, heads-of-states, television and film studios and aerospace companies as well as for sale to the general public."

41. Plaintiffs operate a website accessible at <u>whitehousegiftshop.com</u>.

42. Plaintiffs use both the registered WHITE HOUSE GIFT SHOP mark and their common law logo on their website <u>whitehousegiftshop.com</u>.

43. Through its predecessors-in-interest, Plaintiff WHGS traces its first use of mark White House Gift Shop back to 1946.

44. Through their website, Plaintiffs advertise and sell Christmas Ornaments, Easter Eggs, White House Annual Ornaments, Air Force One items, Military Ornaments, and various other memorabilia under the WHITE HOUSE GIFT SHOP registration and the common law White House Gift Shop mark.

45. Plaintiffs' registered mark and their common-law logo are well-known to consumers of the goods and services offered by Plaintiffs.

46. Plaintiffs have spent substantial time, money, and effort in building up and developing consumer recognition, awareness and goodwill in their goods and services, including goods and services that are marketed and/or sold under the registered WHITE HOUSE GIFT SHOP mark and their common law mark.

47. The success of Plaintiffs' business is due in large part to the time Plaintiffs have spent marketing, promoting, and distributing products. These efforts include, but are not limited to, the advertising and promotion of Plaintiffs' services through the registered WHITE

HOUSE GIFT SHOP mark, use of the common law logo, and operation of the whitehousegiftship.com website.

48. Plaintiffs' success is also due to their reputation for quality services and products which Plaintiffs have established through their years in business.

49. As a result of Plaintiffs' efforts and the quality of their services and goods, members of the government and the public have become familiar with Plaintiffs' services, their website, the registered WHITE HOUSE GIFT SHOP mark and their common law mark.

50. Plaintiffs' customers, members of the government, and members of the public associate the registered WHITE HOUSE GIFT SHOP mark, the common law mark, and the website whitehousegiftshop.com exclusively with Plaintiffs.

51. The registered WHITE HOUSE GIFT SHOP mark is distinctive.

52. Plaintiffs' common law mark is distinctive.

53. Over the years, Plaintiffs have established a valuable reputation and considerable goodwill among the public from their use of the registered WHITE HOUSE GIFT SHOP mark and the common law mark and the operation of the whitehousegiftshop.com website.

54. Defendant's website thewhitehousestore.com is an "active" website in that Defendant conducts business over the Internet such as offering products for sale and accepting orders from customers over the Internet via Defendant's thewhitehousestore.com website.

55. Defendant has transacted business in this district by completing sales to residents of the District of Columbia since at least as early as December 2021.

56. On information and belief, Defendant has made, or accepted, telephone calls specifically to/from individuals located in the District of Columbia.

57. Defendant has offered products, which are confusingly similar to Plaintiffs' products, to individuals located within the District of Columbia during these phone calls.

58. On information and belief, Defendant has shipped products to individuals located in the District of Columbia.

59. On information and belief, Defendant has caused tortious injury in the District of Columbia by selling products thereby preventing Plaintiffs from selling similar products to these same customers.

60. Defendant use of a mark similar to U.S. Trademark Registration No. 4,887,788 with goods/service similar to Plaintiffs causes a likelihood of confusion.

61. On information and belief, Defendant has caused tortious injury in the District of Columbia by acts from California because he regularly does and solicits business and engages in other persistent course of conduct since at least as early as December of 2021.

62. Through his website Defendant sells products using a counterfeit common law mark which is confusingly similar to Plaintiffs' legitimate common law mark.

63. On information and belief, among other false statements that Defendant makes on the website thewhitehousestore.com, is that Defendant falsely advertises "[t]he White House Store is a unique one-of-a-kind shopping experience."

64. On information and belief, among other false statements that Defendant makes on the website thewhitehousestore.com, is that The White House Store has had a "BBB Rating: A+ as of 12/18/2018."

65. On information and belief, among other false statements that Defendant makes on the website thewhitehousestore.com, is that the White House Store was "[o]riginally created to help local politicians gain name recognition."

66. Defendants include pictures of The White House located in Washington D.C. throughout their website falsely associating themselves and their products with the White House located in Washington D.C.

67. Defendant prominently displays a phone number with a "202" area code to falsely imply that The White House Store is located inside the District of Columbia.

68. Defendant's unlawful actions have adversely affected Plaintiffs' sales, good will and reputation, causes marketplace confusion, creates skepticism and distrust in the public.

**COUNT ONE**
**(Federal Trademark Infringement - 15 U.S.C. § 1114)**

69. Plaintiffs refer to and incorporates the allegations in Paragraphs 1 - 68, the same as if set forth herein.

70. Defendant has been and is now infringing U.S. Trademark Registration No. 4,887,788 for WHITE HOUSE GIFT SHOP, in this judicial District and elsewhere in the United States, by, among other things, advertising, offering for sale, and/or selling products using marks confusingly similar to Plaintiff WHGS's Registered WHITE HOUSE GIFT SHOP mark.

71. By engaging in the conduct described herein, Defendant has injured Plaintiff WHGS and is thus liable for infringement of the 4,887,788 Registration pursuant to 15 U.S.C. § 1114(a).

72. Defendant's conduct is harmful to Plaintiff WHGS's reputation and goodwill. Plaintiff WHGS markets and sells high-quality goods and services whereas Defendant's goods and services are unauthorized, and, on information and belief, of lower quality.

73. By selling unauthorized goods under the registered trademark, Defendant is irreparably harming Plaintiff WHGS's reputation and goodwill, infringing Plaintiff WHGS's registered trademark and engaging in unfair competition.

74. Defendant has knowingly created a false association with Plaintiff WHGS by misappropriating Plaintiff WHGS's registered mark and through his use of the mark for unauthorized commercial practices.

75. Plaintiff WHGS is irreparably harmed by the false association with Defendant.

76. Defendant is not licensed to use Plaintiff WHGS's registered mark.

77. To the extent that Plaintiff WHGS uncovers facts during discovery which show that Defendant's infringement of the 4,887,788 Registration is or has been willful, Plaintiff WHGS reserves the right to request such a finding at the time of trial.

78. As a result of Defendant's infringement of the 4,887,788 Registration, Plaintiff WHGS has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made by Defendant, together with interest and costs as fixed by the Court.

79. Plaintiff WHGS will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

80. Plaintiff WHGS has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, his agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the 4,887,788 Registration.

## COUNT TWO
### (False Advertising – Lanham Act § 43(a), 15 U.S.C. § 1125(a))

81. Plaintiffs refer to and incorporates the allegations in Paragraphs 1 - 80, the same as if set forth herein.

82. Defendant markets and sells his products to consumers under a mark which is confusingly similar to the registered WHITE HOUSE GIFT SHOP mark.

83. Defendant markets and sells his products to consumers under the counterfeit common law mark which is confusingly similar to Plaintiffs' legitimate common law mark.

84. Defendant markets and sells his products using thewhitehousestore.com website which is confusingly similar to Plaintiffs' whitehousegiftshop.com website.

85. Defendant markets and sells his products using a 202 area code which falsely represents the geographical origin of Defendant's goods and services.

86. Defendant markets and sells his products using a "White House Store" brand which falsely represents an affiliation with the White House.

87. Defendant markets and sells many of his products by falsely implying an association with the White House by including various pictures of the White House on his website.

88. Defendant's actions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which states "any person who, on or in connection with any goods or services, . . . uses in commerce any . . . false or misleading description of fact or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographical origin of his or her or another person's goods, services, or commercial activities, shall be liable to a civil action by any person who believes that he or she is likely to be damaged by such act."

89. By reason of Defendant's conduct, Plaintiffs have suffered and will continue to suffer damage to their business, reputation and goodwill.

90. In accordance with 15 U.S.C. § 1117, Plaintiffs are entitled to damages for Defendant's Lanham Act violations, an accounting of Defendant's profits on infringing sales and recovery of Plaintiffs' costs and reasonable attorney's fees incurred in this action.

91. Defendant's acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case and thereby entitling Plaintiffs to recover additional damages and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

92. Unless enjoined by this Court, Defendant's acts will irreparably injure Plaintiffs' goodwill and erode Plaintiffs' market share.  Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to permanent injunctive relief to prevent Defendant's continuing acts.

### COUNT THREE
### (Unfair Competition - Lanham Act § 43(a), 15 U.S.C. § 1125(a))

93. Plaintiffs refer to and incorporates the allegations in Paragraphs 1 - 92, the same as if set forth herein.

94. Plaintiff WHGS has become uniquely associated with the WHITE HOUSE GIFT SHOP and the public identifies Plaintiffs as the source for products sold under the mark WHITE HOUSE GIFT SHOP.

95. Plaintiffs are uniquely affiliated with the White House.

96. Defendant has marketed and continues to market his products under marks identical to or similar to Plaintiff WHGS's registered mark. This has enabled Defendant to trade off of Plaintiffs' reputation and good will.

97. Defendant has marketed and continues to market his products under marks identical to or similar to Plaintiffs' common law mark. This has enabled Defendant to trade off of Plaintiffs' reputation and good will.

98. Defendant has marketed and continues to market his products as affiliated with the White House.

99. Defendant's acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

100. By reason of Defendant's conduct, Plaintiffs have suffered and will continue to suffer damage to their business, reputation, and goodwill.

101. In accordance with 15 U.S.C. § 1117, Plaintiffs are entitled to damages for Defendant's Lanham Act violations, an accounting of Defendant's profits on infringing sales and recovery of Plaintiffs' costs and reasonable attorney's fees incurred in this action.

102. Defendant's acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case and thereby entitling Plaintiffs to recover additional damages and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

103. Unless enjoined by this Court, Defendant's acts will irreparably injure Plaintiffs' goodwill and erode Plaintiffs' market share.  Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to permanent injunctive relief to prevent Defendant's continuing acts.

## COUNT FOUR
### (Common Law Unfair or deceptive trade practices)

104. Plaintiffs refer to and incorporates the allegations in Paragraphs 1 - 103, the same as if set forth herein.

105. With full knowledge of Plaintiff WHGS's ownership and priority to the registered WHITE HOUSE GIFT SHOP mark, Defendant has used unfair or deceptive trade practices by advertising and offering goods through the use of marks confusingly similar to the Plaintiff WHGS's registered WHITE HOUSE GIFT SHOP mark.

106. With full knowledge of Plaintiffs' ownership and priority to the common law WHITE HOUSE GIFT SHOP mark (as shown in Exhibit 1), Defendant has used unfair or deceptive trade practices by advertising and offering goods through the use of marks (as shown in Exhibit 2) confusingly similar to Plaintiffs' common law mark.

107. Defendant has used unfair or deceptive trade practices by marketing and offering his products using thewhitehousestore.com website which is confusingly similar to Plaintiffs' whitehousegiftshop.com website.

108. Defendant has used unfair or deceptive trade practices by marketing and offering his products on a website which prominently displays a phone number with a 202 area code which falsely represents the geographical origin of Defendant's goods to be the District of Columbia.

109. Defendant has used unfair or deceptive trade practices by marketing and selling his products using a "White House Store" brand which falsely portrays an affiliation between Defendant and the White House.

110. On information and belief, Defendant's sales of products designated as "White House Products" would be substantially reduced if its customers and the public were aware that Defendant's The White House Store was located in California.

111. Defendant's actions are likely to cause confusion, mistake, or deception about the nature, characteristics, and qualities of Defendant's products.

112. Defendant's actions therefor violated The District of Columbia's unfair or deceptive trade practices § 28-3904.

113. By reason of Defendant's conduct, Plaintiffs have suffered and will continue to suffer damage to their business, reputation, and goodwill.

114. Plaintiffs are entitled to damages for Defendant's unfair or deceptive trade practices, an accounting of Defendant's profits and recovery of Plaintiffs' costs and reasonable attorney's fees incurred in this action.

115. Defendant's acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case and thereby entitling Plaintiffs to recover additional damages and reasonable attorney's fees.

116. Unless enjoined by this Court, Defendant's acts will irreparably injure Plaintiffs' goodwill and erode Plaintiffs' market share.

117. Plaintiffs are entitled to permanent injunctive relief to prevent Defendant's continuing acts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

A.      A judgment in favor of Plaintiff WHGS that Defendant has infringed U.S. Trademark Registration No.  4,887,788 for WHITE HOUSE GIFT SHOP;

B.      A judgement and order that Defendant, his agents, employees, representatives, successors, and assigns and those acting in privity or in concert or in participation with him be permanently enjoined from further infringement of U.S. Trademark Registration No. 4,887,788;

C.      A judgement and order that Defendant, his agents, employees, representatives, successors, and assigns and those acting in privity or in concert or in participation with him be permanently enjoined from directly or indirectly falsely advertising or promoting that their products are affiliated with the WHITE HOUSE GIFT SHOP;

D.      A judgement and order that Defendant, his agents, employees, representatives, successors, and assigns and those acting in privity or in concert or in participation with him be permanently enjoined from making or inducing others to make any false, misleading, or deceptive statements of fact or representation of fact in connection with the promotion, advertisements,

display, offer for sale, of their products in such a fashion as to suggest that there is any affiliation between Plaintiffs and Defendant;

E. A judgment and order that Defendant, his agents, employees, representatives, successors, and assigns and those acting in privity or in concert or in participation with him be permanently enjoined from falsely advertising its products;

F. A judgment and order that Defendant, his agents, employees, representatives, successors, and assigns and those acting in privity or in concert or in participation with him be permanently enjoined from unfairly competing with Plaintiffs;

G. A judgment and order that Defendant, his agents, employees, representatives, successors, and assigns and those acting in privity or in concert or in participation with him violated the District of Columbia's unfair or deceptive trade practices § 28-3904;

H. an award of actual damages, enhanced discretionary damages, and treble damages in an amount to be determined at trial for Defendant's willful violate of the Lanham Act;

I. an award of damages to be proven at trial for trademark infringement, unfair competition, false advertising, and unfair or deceptive trade practices;

J. For an order from the Court requiring that Defendant provide a complete accounting for any and all monies, profits, gains and advantages derived by Defendant from his trademark infringement, unfair competition, false advertising, and unfair or deceptive trade practices;

K. For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant's possession which rightfully belong to Plaintiffs;

L.     A judgement and order requiring Defendant to pay Plaintiffs' pre-judgment and post-judgment interest on damages awarded and assessing all costs of this action against Defendant; and/or

M.     Any and all other relief, at law or equity, to which Plaintiffs may show they are entitled to.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

DATED November 28, 2022.                    Respectfully submitted,

By: */s/ Steven War*
Steven War (DC # 477822)

**War IP Law PLLC**
5335 Wisconsin Ave, NW, Suite 440
Washington, DC  20015
Tel: (202) 800-3751
Fax: (202) 318-1490
e-mail: steve@wariplaw.com

*ATTORNEY FOR PLAINTIFFS THE*
*WHITE HOUSE GIFT SHOP, INC. and*
*GIANNINI STRATEGIC ENTERPRISES,*
*LLC*

<u>VERIFICATION</u>

I, Anthony Giannini, declare under penalty of perjury, that I have read the foregoing complaint, and that the information stated therein as factual is true and correct, and those factual matters which are stated upon information and belief are believed to be true and correct.

Executed on: 28 November 2022

Anthony Giannini